UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| CLAUDIO MACIAS, § § § Plaintiff, § § v. § Civil Action No. _____ § GREATWIDE DALLAS MAVIS, LLC § d/b/a GREATWIDE DALLAS MAVIS, § and PAUL TARKINGTON, § § Defendants. § | |

## INDEX OF EXHIBITS TO NOTICE OF REMOVAL

**Exhibit A**   Index to Notice of Removal (this document)

**Exhibit B**   Civil Docket Sheet, Cause No. C-3051-13-D, *Macias v. Greatwide Dallas Mavis, LLC, et al.*, in the 206th District Court for Hidalgo County, Texas

**Exhibit C**   Citation and Plaintiff's Original Petition, Cause No. C-3051-13-D, *Macias v. Greatwide Dallas Mavis, LLC, et al.*, in the 206th District Court for Hidalgo County, Texas

**Exhibit D**   List of all counsel of record

**Exhibit E**   Defendant's Notice of Removal, *Macias v. Greatwide Dallas Mavis, LLC, et al.*, in the 206th District Court for Hidalgo County, Texas, filed June 12, 2013

**Exhibit F**   Civil Cover Sheet

4851-4363-5988, v. 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. C-3051-13-D

| | | | |
|---|---|---|---|
| CLAUDIO MACIAS VS. GREATWIDE DALLAS MAVIS, LLC D/B/A GREATWIDE DALLAS MAVIS AND PAUL TARKENTON | § § § § § | Case Type: | Contract - Other Contract (OCA) |
| | | Date Filed: | 05/24/2013 |
| | | Location: | 206th District Court |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | GREATWIDE DALLAS MAVIS, LLC D/B/A GREATWIDE DALLAS MAVIS | | |
| Defendant | TARKENTON, PAUL | | |
| Plaintiff | MACIAS, CLAUDIO | | H. Peyton Inge, IV<br>*Retained*<br>214-905-2003(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 05/24/2013 | Original Petition (OCA) | |
| 05/30/2013 | Citation | |
| | *Mailed to Atty. for private service.* | |
| | GREATWIDE DALLAS MAVIS, LLC D/B/A GREATWIDE DALLAS MAVIS | Unserved |
| | TARKENTON, PAUL | Unserved |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff MACIAS, CLAUDIO** | | | |
| | Total Financial Assessment | | | 297.00 |
| | Total Payments and Credits | | | 297.00 |
| | **Balance Due as of 06/11/2013** | | | **0.00** |
| 05/28/2013 | Transaction Assessment | | | 237.00 |
| 05/28/2013 | Transaction Assessment | | | 46.00 |
| 05/29/2013 | Transaction Assessment | | | 14.00 |
| 05/29/2013 | Payment | Receipt # DC-2013-12471 | Inge, H. Peyton, IV | (297.00) |

C-3051-13-D
206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS



**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**GREATWIDE DALLAS MAVIS, LLC D/B/A GREATWIDE DALLAS MAVIS
BY SERVING ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
350 N. ST. PAUL STREET., SUITE 2900
DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 24th day of May, 2013 and a copy of same accompanies this citation. The file number and style of said suit being C-3051-13-D,

**CLAUDIO MACIAS VS. GREATWIDE DALLAS MAVIS, LLC D/B/A GREATWIDE DALLAS MAVIS AND PAUL TARKENTON**

Said Petition was filed in said court by: Atty. H. Peyton Inge, IV, 2777 N. Stemmons FWY., STE 1157 Dallas, TX 75207.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 30th day of May, 2013.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

_____
**SELENE RINCON, DEPUTY CLERK**

C-3051-13-D
OFFICER'S RETURN

Came to hand on _____ of _____, 20___ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
      miles ..................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____ County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

ORIGINAL
Filed
13 May 24 P2:16
Laura Hinojosa
District Clerk
Hidalgo District

CAUSE NO. C-3051-13-D

| | | |
|---|---|---|
| CLAUDIO MACIAS | § | |
| PLAINTIFF | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 206th JUDICIAL DISTRICT |
| | § | |
| GREATWIDE DALLAS MAVIS, LLC | § | |
| D/B/A GREATWIDE DALLAS MAVIS, | § | |
| AND PAUL TARKENTON | § | |
| DEFENDANT | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Claudio Macias, Plaintiff in the above-styled and numbered cause, files this Original Petition, and would respectfully show:

### I. PARTIES

1. Plaintiff Claudio Macias ("Macias") is a Mexican national. Macias may be contacted through the undersigned, his counsel of record.

2. Defendant Greatwide Dallas Mavis, LLC d/b/a Greatwide Dallas Mavis ("Greatwide" or "Defendant") is a Delaware limited liability company registered to conduct business in the State of Texas with its principal place of business at 12404 Park Central Drive, Suite 300S, Dallas, Dallas County, Texas 75251 and, pursuant to §5.201 of the *Texas Business Organizations Code*, may be served by and though its registered agent CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, Dallas County, Texas 75201. ISSUANCE OF CITATION IS REQUESTED.

3. Defendant Paul Tarkenton ("Tarkenton") resides at 4358 Rebekah Dr., Olive Branch, Mississippi, 38654. Tarkenton may be served by mailing a citation via US mail, return receipt requested, to 4358 Rebekah Dr., Olive Branch, Mississippi, 38654. ISSUANCE OF CITATION IS REQUESTED.

## II. JURISDICTION AND VENUE

4. Venue is proper in this District Court of Hidalgo County because Defendant breached the contract at issue in Hidalgo County, Texas, where Macias owns and operates a business as sole proprietor. The Court has jurisdiction of Plaintiff's claims as the amount in controversy meets or exceeds the minimum jurisdictional limits of this Court.

5. Venue is also proper in this Court pursuant to 49 U.S.C.A. §14706(d), because Greatwide is a motor carrier and operates in Texas.

6. The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court and pursuant to 49 U.S.C.A. §14706(d).

## III. FACTS

7. Macias purchased a used 2005 Caterpillar 730 Articulated Dump Truck in a distress sale auction in 2011. Greatwide represented that it was extremely capable of hauling the Caterpillar safely from Georgia to Pharr, Texas, on behalf of Macias. Macias agreed to allow Greatwide to transport the Caterpillar in exchange for payment.

8. Upon information and belief, Greatwide is an interstate motor carrier and subject to the strict liability provisions associated therewith, and as provided by 49 U.S.C.A. §14706 et seq.

9. In late March 2011, Greatwide's driver, Tarkenton, loaded the Caterpillar and began his route to Pharr, Texas. Tarkenton failed to issue a receipt or bill of lading. Upon information and belief, the Caterpillar was in good condition when picked up by Greatwide and Tarkenton for transport.

10. Nevertheless, on or about April 1, 2011, the tractor-trailer hauling the Caterpillar became stuck on a railroad track in Douglasville, Georgia. Greatwide's driver illegally attempted to drive over the railroad track in direct contravention of traffic ordinances governing the intersection with the railroad track. The local police cited Tarkenton for truck route violation and non-

obedience of traffic control devices. Shortly after Greatwide's tractor-trailer got stuck, an oncoming train was unable to come to a stop and barreled into the tractor-trailer, smashing the trailer holding the Caterpillar and causing the Caterpillar to tumble off of the trailer, which resulted in great cost and damage to the Caterpillar.

11. Upon information and belief, the Caterpillar sustained significant damage. Greatwide refused to pay Macias the diminution in value of the Caterpillar caused by Greatwide's negligence, and refused to pay the replacement value of the Caterpillar.

12. As a result of the damage suffered by the Caterpillar, Macias did incur actual damages that were reasonably foreseeable by Greatwide. Said damages include, but are not limited to loss of use of the Caterpillar, attorneys' fees, loss of business income, and remedial damages.

13. Macias continues to incur damages arising from the loss of use of the Caterpillar because Greatwide knowingly continues to refuses to pay necessary sums to either replace the Caterpillar or repair it to its pre-damaged condition.

IV. CAUSES OF ACTION AGAINST GREATWIDE AND TARKENTON

Count 1 – 49 U.S.C.A. §14706 et seq.

14. Macias re-alleges and incorporates by reference the facts and allegations set forth above as if they were fully set forth herein.

15. Greatwide is a motor carrier within the meaning of 49 U.S.C.A. §14706 et seq. Specifically, Greatwide is an interstate carrier and subject to the Department of Transportation's authority.

16. The Caterpillar was in good condition when delivered to Greatwide. Upon information and belief, the Caterpillar was valued at or above $150,000.00.

17. Greatwide did not issue a bill of lading to Macias or otherwise effectively restrict its liability for the Caterpillar.

18. Greatwide is strictly liable for any damage done to the Caterpillar by Tarkenton while in the custody of Greatwide pursuant to the express terms of 49 U.S.C.A. §14706.

19. Greatwide delivered the Caterpillar in a severely damaged condition. Upon information and belief, the Caterpillar is damaged beyond repair.

20. Macias' broker, Pyramid, transmitted a letter to Greatwide that notified Greatwide of the damage claim, among other claims, on September 8, 2011.

21. Greatwide refused to pay sums necessary to repair the Caterpillar to its pre-damaged condition, which, in all likelihood, would exceed the replacement cost of the Caterpillar. Greatwide similarly refused to pay sums necessary to replace the Caterpillar.

22. Greatwide failed to acknowledge some or all of Plaintiff's' claims as required by 49 C.F.R. §370.5. Further, Greatwide failed to decline, pay, or offer a written settlement compromise for some or all of the claims as required by 49 C.F.R. §370.9(a).

23. As a result of the damage suffered by the Caterpillar while in the custody of Greatwide, Macias has incurred damages that were reasonably foreseeable to Greatwide at the time the Caterpillar was delivered to Greatwide. Those damages include, but are not limited to, loss of use, lost business opportunities, and the costs of storing the Caterpillar while in its damaged condition.

24. Greatwide's knowing refusal to pay sums necessary to repair and/or replace the Caterpillar caused Macias to incur reasonable and necessary attorneys' fees in the prosecution of this suit.

### COUNT 2 – BREACH OF CONTRACT

25. Greatwide agreed to transport Macias' Caterpillar to Pharr, Texas, in Hidalgo County, Texas, where Macias maintains his place of business. Greatwide bargained for the opportunity to provide transportation services on behalf of Macias in exchange for payment.

Greatwide also agreed to transport the Caterpillar without causing damage during transport. Greatwide employed Tarkenton to physically transport the Caterpillar on behalf of Macias and Greatwide. Greatwide wholly failed to deliver the Caterpillar, and failed to deliver the Caterpillar in undamaged condition.

26. Macias' broker, Pyramid, ultimately transported the Caterpillar to Hidalgo County, Texas. While the Caterpillar was in Hidalgo County, Greatwide breached the contract by refusing to pay for the Caterpillar's diminution in value, or pay to repair the Caterpillar, as is their contractual obligation pursuant to express federal law. Greatwide also refused, in bad faith, to pay Macias the diminution in the Caterpillar's value and failed to pay Macias sufficient sums to repair or replace the Caterpillar. Macias suffered damages, including but not limited to, loss of income, loss of use, attorneys' fees, actual damages, and nominal damages.

### COUNT 3 - ATTORNEYS' FEES

27. Macias retained the undersigned attorneys to prosecute this lawsuit. Macias has incurred and will continue to incur attorney's fees which are recoverable pursuant to the plain language of 49 U.S.C.A. §14704(e). Attorneys's fees are also recoverable under 38.001, *et seq*.

28. Greatwide's failure to deliver the Caterpillar at issue in this action constitutes a violation of 49 U.S.C.A. §14706.

29. Greatwide's failure to acknowledge some or all of Plaintiff's claims constitutes a violation of 49 C.F.R. §370.5.

30. Greatwide's failure to decline or offer a written settlement compromise for some or all of Plaintiffs' claims constitutes a violation of 49 C.F.R. §370.9(a).

31. As a result of Greatwide's breach of the carriage contract, under 49 U.S.C.A. §14706, and Greatwide's violations of the federal claim regulations at 49 C.F.R. Part 370 (49 C.F.R. §§ 370.1 et seq.), Plaintiff is entitled to an award of reasonable attorney's fees under 49 U.S.C.A. §14704(e).

## V. DAMAGES

32. Macias incorporates by reference the facts and allegations set forth above as if they were fully set forth herein.

33. Macias has been damaged in an amount in excess of the minimal jurisdictional limits of this Court, for which Macias sues Greatwide. As a direct and proximate result of Greatwide's conduct, Macias suffered, will continue to suffer, and seek recovery for the following damages:

   a) Actual damages in the amount of $150,000.00, or the replacement value of the Caterpillar, whichever is less;

   b) Actual damages arising out of the loss of use of the Caterpillar, including lost business opportunities;

   c) Actual damages necessary to replace the Caterpillar with a non-damaged unit to continue with business operations.

   d) All taxable costs of Court;

   e) Reasonable and necessary attorneys' fees;

   e) Consequential damages; and

   f) Pre-judgment and post-judgment interest.

## X. JURY DEMAND

34. Macias respectfully demands a trial by jury and submitted the appropriate jury fee in State Court.

## XI. PRAYER

Macias respectfully pray that the Defendants be cited to appear, and that after a jury trial on the merits, the Court enter an award in favor of Plaintiff Claudio Macias for the damages described above. Macias prays for all other relief to which he may show himself to be justly entitled as a matter of law.

Respectfully submitted,

By: /s/ H. Peyton Inge IV
    H. PEYTON INGE IV
    State Bar No. 24053779

CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| CLAUDIO MACIAS, | § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GREATWIDE DALLAS MAVIS, LLC d/b/a GREATWIDE DALLAS MAVIS, and PAUL TARKINGTON, | § § § § § | |
| Defendants. | § | |

## **LIST OF COUNSEL OF RECORD**

1. H. Peyton Inge, IV
   Texas State Bar No. 24053779
   Chamblee, Ryan, Kershaw & Anderson, PC
   2777 Stemmons Freeway, Ste. 1157
   Dallas, TX 75207
   PH: (214) 905-2003
   FX: (214) 905-1213

   Attorneys for Plaintiff, Claudio Macias

2. John W. Greene
   Texas State Bar No. 08391520
   Scopelitis, Garvin, Light,
     Hanson & Feary, P.C.
   801 Cherry St., Suite 1075
   Fort Worth, TX 76102
   PH: (817) 869-1700
   FX: (817) 878-9472

   Attorneys for Defendants, Greatwide Dallas Mavis, LLC d/b/a Greatwide Dallas Mavis and Paul Tarkington

4851-7732-1492, v. 1

NO. C-3051-13-D

| | | |
|---|---|---|
| CLAUDIO MACIAS, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | 206th JUDICIAL DISTRICT |
| GREATWIDE DALLAS MAVIS, LLC d/b/a GREATWIDE DALLAS MAVIS, and PAUL TARKINGTON, | § § § § | |
| Defendants. | § § | HIDALGO COUNTY, TEXAS |

## NOTICE OF FILING FOR REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Greatwide Dallas Mavis, LLC d/b/a Greatwide Dallas Mavis ("Greatwide Dallas Mavis") and Paul Tarkington have filed a Notice of Removal with the Clerk of the United States District Court, Southern District of Texas, on June 11, 2012. A copy of the Notice of Removal is attached hereto as *Exhibit A*. All further proceedings with respect to this action shall be before the United States District Court for the Southern District of Texas.

Respectfully submitted,

/s/ John W. Greene
John W. Greene
State Bar No. 08391520
Scopelitis, Garvin, Light,
  Hanson & Feary, P.C.
801 Cherry St., Suite 1075
Fort Worth, TX 76102
PH: 817 869 1700
FX: 817 878 9472

Attorneys for Defendants,
Greatwide Dallas Mavis, LLC d/b/a
Greatwide Dallas Mavis and
Paul Tarkington

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following party by facsimile on June 12, 2013:

H. Peyton Inge, IV
Chamblee, Ryan, Kershaw & Anderson, PC
2777 Stemmons Freeway, Ste. 1157
Dallas, TX 75207

/s/ John W. Greene
John W. Greene

4840-2650-9076, v. 2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Claudio Macias

**(b)** County of Residence of First Listed Plaintiff    Unknown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
H. Peyton Inge, IV / Chamblee, Ryan, Kershaw & Anderson, PC
2777 Stemmons Freeway, Ste. 1157
(214) 905-2003

### DEFENDANTS
Greatwide Dallas Mavis, LLC d/b/a Greatwide Dallas Mavis and Paul Tarkington

County of Residence of First Listed Defendant    Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John W. Greene / Scopelitis, Garvin, Light, Hanson & Feary, P.C.
801 Cherry St., Suite 1075
(817) 869-1700

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Carmack Amendment, 49 U.S.C. § 14706
Brief description of cause:
Claim for cargo damage during interstate transportation by motor carrier

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Chief Judge Sidney Fitzwater (N.D. Tex) DOCKET NUMBER 3:12-CV-00149-D

DATE 06/12/2013
SIGNATURE OF ATTORNEY OF RECORD /s/ John W. Greene

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE